UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21597-CIV-TORRES

KERNEL RECORDS OY,

        Plaintiff,

vs.

TIMOTHY Z. MOSLEY, *et al.,*

        Defendants.
_____/

## OMNIBUS ORDER

This matter is before the Court on several pending motions that are ripe for disposition following the referral of the case for trial upon the parties' consent. The Court has reviewed the motions, responses, replies if any, and the record in the case. For the following reasons, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Strike Reply to Response to Motion [D.E. 24] is **DENIED AS MOOT**.

2. Defendants' Motions to Dismiss Amended Complaint [D.E. 74, 78, 79, 80] are **GRANTED**. The background of the case and the claims at issue are fully set forth in the Court's earlier Order Granting in Part and Denying in Part the motions to dismiss filed in response to the original Complaint [D.E. 61]. As part of that Order, the Court granted the motion to dismiss Plaintiff's claim in Count II of the complaint for declaratory judgment on the ground that an award of ownership of an infringing work

is not a remedy provided under the Copyright Act for copyright infringement. [D.E. 61 at 6]. The Court agreed, however, that Plaintiff could state a declaratory judgment claim "to establish Plaintiff's right in the copyright interest in the disputed work." [D.E. 61 at 6-7].

To understand the context relevant to the Court's earlier Order, the claim that the Court dismissed was pled as follows:

> 48.   Plaintiff seeks a declaratory judgment that plaintiff is the owner of the sound recording "Do It" on the grounds that the work is derivative of plaintiff's copyright in "Acidjazzed Evening," and that plaintiff is the party with exclusive rights to all such derivative works.  In the alternative, plaintiff seeks a declaratory judgment as to its percentage of ownership in the sound recording "Do It."
>
> 49.  Plaintiff further seeks a declaratory judgment that, as a result of its ownership referenced above, any and all assignments, transfers and/or licenses of the subject infringing copyrights in and to "Do It" are declared null and void.

[D.E. 1].

Plaintiff responded to the Court's Order by filing an Amended Complaint on February 9, 2010 [D.E. 63]. Plaintiff purported to comply with and follow the Court's Order by pleading a declaratory judgment claim (Count III) against Mosley Music and Universal as follows:

> 70.   Plaintiff seeks a declaration of Plaintiffs right in the copyright interest of the sound recording and musical composition "Do It."
>
> 71.   Plaintiff further seeks a declaratory judgment that, as a result of its ownership referenced above, any and all assignments, transfers and/or licenses of the subject infringing copyrights in and to "Do It" are declared null and void.

[D.E. 63].

For all intents and purposes, there is little material difference between original paragraph 48 and amended paragraph 70. Defendants agreed. The pending motions to dismiss seek to dismiss the re-pled declaratory judgment count, with prejudice, because current Count III suffers from the same flaw that the Court addressed before.

In response, Plaintiff argues that Defendants are misconstruing their re-pled claim, which Plaintiff argues fully complies with the direction provided in the Court's Order and comports with Plaintiff's rights to declaratory judgment as per 17 U.S.C. § 103(a) (The subject matter of copyright . . . includes compilations and derivative works, but protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully."). "Kernel has alleged that 'Do It' is a derivative work of 'Acidjazzed Evening,' that 'preexisting material' was used by defendants in the creation of "Do It" and that the preexisting material was used unlawfully." [D.E. 82 at 4]. Plaintiff also concludes that "the disputed work" referenced in the Court's Order must have been referring to the Defendant's work "Do It," and not to "Acidjazzed Evening," because Plaintiff need not seek a declaration of its ownership in its own copyrighted work.

Having reviewed this matter anew following the referral of the case to the undersigned for plenary jurisdiction, in the hope that by doing so the Court would understand Plaintiff's position, the Court – unfortunately for Plaintiff – remains befuddled. There is nothing in the Copyright Act, as Judge Graham found, that permits a litigant from obtaining a declaration of ownership to an infringing work, a proposition Plaintiff appears to concede. Consequently, Plaintiff here cannot possibly obtain a declaratory judgment as the ownership or interest in the infringing work, "Do

It." That is why paragraph 48 of the original Complaint was dismissed. And notwithstanding how paragraph 70 restates the same contention, at bottom it still alleges that Plaintiff has an interest in the copyrighted work "Do It" that the Court should adjudge as either belonging to Plaintiff or otherwise as being "null and void."

Nor does the Court's review of the earlier Dismissal Order support Plaintiff's construction that it simply has followed Judge Graham's direction. To the contrary, Judge Graham directed that Plaintiff could not obtain a declaratory judgment over "Do It" – the infringing work. Yet, the pending amended complaint seeks that very same relief. Moreover, the "disputed work" referenced in Judge Graham's Order was clearly *not* referring to "Do It" and instead was and could only be referring to "Acidjazzed Evening" – the disputed work that Plaintiff's complaint alleges has copyright protection and has been infringed by Defendants. Plaintiff's construction of the Court's Order is flawed.

Therefore, the Court must grant the motion to dismiss, this time with prejudice because Plaintiff apparently has no ability or willingness to plead a declaratory judgment claim as to its own copyrighted work. Indeed, as a practical matter the Court agrees with Plaintiff that there is no need for Plaintiff to seek a declaration of ownership in its own copyrighted work. And that appears to be the core reason why, notwithstanding Judge Graham's Order suggesting that it could, Plaintiff has not pled such a claim for relief. Plaintiff is likely right about that. That means, however, that there is no need to have any "declaratory judgment" count in this complaint at all. Plaintiff cannot, no matter how artfully it tries to, plead a declaratory judgment claim

that seeks to invoke some ownership or right to the infringing work. The relief that the Copyright Act provides is damages and equitable relief that flows from the infringement itself.

Finally, we note that it appears that Plaintiff is reading section 103(a) as granting it a lawful right to obtain a judgment that the infringed work includes infringing material. Plaintiff is misconstruing this provision. The statute provides that *Defendants* cannot obtain copyright protection for itself over those parts of its work, "Do It," that incorporated unlawful material. That is true. But the inverse of that is *not* true: that Plaintiff here can obtain an affirmative finding that Defendants do not "own" that material. The Act's remedies do not go that far, nor do they need to go that far given the other remedies that are more than adequate to cure the problem. This misapplication of section 103(a) lies at the root of Plaintiff's problem.

For our part, we find, for the sake of completeness, that the Court's earlier Order dismissing the declaratory judgment count was quite sound. We find that the amended complaint does not plead any claim that was not dismissed before. And we find that it appears that no declaratory judgment claim is possible or necessary here as it relates to the disputed work – "Acidjazzed Evening". Therefore, Count III of the Amended Complaint is dismissed with prejudice. Defendants' motions seeking that remedy are granted.

3.   Defendants' Motions to Strike Claim for Attorneys' Fees [D.E. 74, 78, 79, 80 is **GRANTED**. Plaintiff's responses to these motions concede that, under the Copyright Act, Plaintiff has no right to a claim for attorneys' fees in the case. [D.E. 82

at 6]. Plaintiff takes the position, however, that it will still be entitled to attorneys' fees pursuant to the discovery rules that govern the case, specifically Rule 37(c)(2). Though we understand what Plaintiff is seeking to preserve, a pleading of fees in the amended complaint is not the appropriate mechanism to obtain such relief. As a pleading matter, in other words based upon what "claim" and "relief" Plaintiff is entitled to under the law from the outset, it is undisputed that attorneys' fees are not included. Therefore, under Rule 8 they should not be demanded in the pleading.

If it turns out that Plaintiff is right that fees will be recoverable, in whole or in part, as a sanction for discovery abuse (either for failing to admit an uncontrovertible fact or otherwise), Plaintiff will have the right to seek that sanction under Rule 54(d)(2) and the Court's Local Rules. It is premature to adjudicate that issue now, and improper to plead that issue at the inception of a case in the complaint. Hence, as a technical matter, the Defendants' motions to strike are also granted without prejudice to Plaintiff's preserved rights under the Federal Rules of Civil Procedure.

4. Plaintiff's Motion for Leave to File Under Seal [D.E. 96] is **GRANTED**.

5. The parties' Joint Stipulation for Order of Protection [D.E. 104] is **APPROVED**. A protective Order will be entered separately.

6. The parties' Joint Stipulation to Amend Scheduling Order [D.E. 105] is **APPROVED**. An amended scheduling Order shall be entered separately.

7. Plaintiff's Motion to Compel the Disclosure and Deposition of Certain Witnesses [D.E. 106] has been considered. The Court finds good cause to expedite a response, given the imminent discovery cutoff, and directs Defendants to respond in opposition, if necessary, no later than **May 14, 2010.** If the parties reach agreement

on the issues raised in the motion, and require additional time beyond the discovery cutoff to complete all related discovery, the parties are free to so stipulate, without Court Order, as per Fed.R.Civ.P. 29.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of May, 2010.

                     */s/ Edwin G. Torres*
                     EDWIN G. TORRES
                     United States Magistrate Judge