UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21597-CIV-TORRES

KERNEL RECORDS OY,

      Plaintiff,

vs.

TIMOTHY Z. MOSLEY, *et al.,*

      Defendants.
_____/

## ORDER

This matter is before the Court on two discovery motions that are ripe for disposition following the referral of the case for trial upon the parties' consent. The Court has reviewed the motions, responses, replies if any, and the record in the case. For the following reasons, it is hereby **ORDERED AND ADJUDGED**:

    1.    Plaintiff's Motion to Compel Disclosure and Deposition of Certain Witnesses [D.E. 106] is **DENIED**. The motion does not support any Rule-based violation by Defendants to disclose location information for these witnesses, either under Rule 26(a) or otherwise. Moreover these are non-parties whom Defendants stipulate will not be called as witnesses in Defendants' case. And at least with respect to two of the witnesses they have been known to Plaintiff for some time, a fact that cuts against any urgency in compelling Defendants to produce them literally on the eve of the discovery cutoff, which means that absent agreement depositions of these witnesses

could not be accomplished in any event. For all these reasons, Plaintiff's motion should be and is denied.

    2.    Plaintiff's Motion to Compel Disclosure of Expert Ferrara's Compensation [D.E. 107] is **GRANTED**. Before addressing the merits of Plaintiff's motion, the motion is granted in part based upon the violation of this Court's Rules. Specifically:

> The following abusive deposition conduct is prohibited: . . .
> 3. Instructing a deponent not to answer a question except when to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under Federal Rule of Civil Procedure 30(b)(4).

S.D. Fla. Local R. 30.1.A.3. The Discovery Practices Handbook in this District adds that "[i]nstructing a witness not to answer is greatly disfavored by the Court, and is a practice which one should use only in an appropriate extraordinary situation, usually involving the privilege . . . . A lawyer who improperly instructs a witness not to answer runs a serious risk that the lawyer and/or the client may be subject to substantial monetary sanctions . . . ." S.D. Fla. Local R. II.B.2, Gen. App. A - Disc. Prac. Handbook.

The Court's Local Rule is in accord with Rule 30 of the Federal Rules of Civil Procedure that provides that a deposition is supposed to proceed as it would at trial, Fed. R. Civ. P. 30(c), and that a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4). Fed. R. Civ. P. 30(d)(1).

The Rules also only provide for the termination of a deposition, in advance of filing a motion for protective order, as follows:

> At any time during a deposition, on motion of a party of the deponent *and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party,* the court in which the action is pending . . . may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26( c). . . . Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order.

Fed. R. Civ. P. 30(d)(4) (emphasis added).

The Court's review of the deposition shows that counsel did not in fact suspend the deposition to file the purported motion for protective order, nor did counsel file it the day after the deposition, or at any reasonable time thereafter. Instead, contrary to this Court's Rules, Defendant's counsel instructed an expert witness to not answer various questions relating to the expert's finances and compensation as expert testimony in other cases. Even if counsel had a good faith belief, which we presume, that the questions at issue were improper and were seeking irrelevant information, that good faith belief never excuses a violation of the Court's well established rules in this regard. *See, e.g., Quantachrome Corp. v. Micromeritics Instrument Corp.,* 189 F.R.D. 697, 700 (S.D. Fla. 1999) ("Thus, it is improper to instruct a witness not to answer a question based on form and relevancy objections. It is arguable whether objections based on relevancy should even be made during the deposition. See Fed.R.Civ.P. 32(d)(2)(A) (objections based on relevancy are not waived if not made during deposition). In any case, if counsel feels that he must make a relevancy objection, the objection should briefly be made for the record, and the deposition should

continue with the testimony being taken subject to the objection."); *see also Resolution Trust Corp. v. Dabney,* 73 F.3d 262, 266 (10th Cir. 1995); *Gober v. City of Leesburg,* 197 F.R.D. 519, 520 (M.D. Fla. 2000).

If indeed the questions asked here were so out-of-bounds and harassing that one could say the deposition was conducted in bad faith (which we doubt), then resorting to Rule 30(d) would have been understandable. But, again, that did not occur. That failure only compounds the problem. *See In re Omeprazole Patent Litig.,* 227 F.R.D. 227, 230 (S.D.N.Y. 2005) ("It is not the prerogative of counsel, but of the court, to rule on objections. . . . [I]f the plaintiff's attorney believed that the examination was being conducted in bad faith . . . or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the ex parte judge for a ruling on the questions, or for a protective order, pursuant to Rule 30(d).") (citation omitted).

Turning to the merits of the issue, we clearly have discretion to protect any witness, including an expert, from questions that are too probing or intrusive and having little relevancy to the core issues in dispute. *See* Fed. R. Civ. P. 26(c), Fed. R. Evid. 403. We thus do not necessarily disagree with the cases cited in Defendants' opposition. But in the case of expert witnesses, who are particularly susceptible to the charge of bias based upon financial interests, we would ordinarily grant an examiner much leeway in pursuing a line of inquiry related to financial interests, whether it be in that particular case or in general. Thus, we also find that most of the questions at issue here, which were improperly cutoff by counsel's impromptu refereeing, were

within reasonable bounds. There is nothing wrong with impeaching an expert on the grounds that he or she is a professional witness who does more opining than anything else. Many of these questions were within the scope of that proper line of inquiry.

What is particularly irritating here is that the witness, if given the chance, may have dealt with the questions put to him in satisfactory manner, and likely by answering the questions in generality given the limits of human recollection. Counsel's objections were thus likely not needed in any event, and now make problems worse for the expert. That is so because the Court will grant the motion and compel his appearance once again to answer these questions, which means that the expert will thus be required to review his records in preparation for these questions so as to provide meaningful answers.

And even if we agreed more with Defendants on the merits, counsel's violations of the Court's Rules would require an appropriate sanction, and overruling those objections would be, at minimum, an appropriate sanction in this case. If forced to balance between an examiner's unfair or out-of-bounds questions of an expert, and the defending lawyer's unilateral instructions of a non-party witness not to answers a series of questions, the latter presents in our view a more serious affront to the Court's procedures.[1]

Accordingly, the motion to compel is Granted, *except* as to any question asking the witness about specific income or finances obtained for work outside the scope of an expert witness. But any questions relevant to income generated in any way from

---

[1] In other words, "[t]wo wrongs don't make a right, but they make a good excuse." Thomas Szasz, *The Second Sin* (1973).

litigation-related expert/consultant work (i.e. even as non-testifying expert) are permissible and shall be responded to by the witness. Defendant is Ordered to prepare the witness and make the witness available at a time and place convenient to all parties for the resumption of the deposition, to not exceed one additional hour (unless there is additional time not consumed in the first deposition, in which case the deposition may extend up to the seven-hour deposition limit and for questions related or not to the expert's finances).[2]

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of May, 2010.

   */s/ Edwin G. Torres*
   EDWIN G. TORRES
   United States Magistrate Judge

---

[2] We add here that the resolution of these motions does not affect the outcome of a later pending discovery motion related to the number of depositions in the case, which is not ripe and shall await Defendant's written response. We encourage the parties, however, to compromise and resolve that issue without court intervention.