## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21597-CIV-TORRES

CONSENT CASE

KERNEL RECORDS OY,

     Plaintiff,

vs.

TIMOTHY Z.  MOSLEY p/k/a TIMBALAND;
*et al.*,

     Defendants.

_____/

## ORDER GRANTING DEFENDANTS' VERIFIED MOTION
## FOR ATTORNEY'S FEES  AND COSTS (ENTITLEMENT)

This matter is before the Court on Defendants', Timothy Z. Mosley, et al. (collectively "Defendants"), Verified Motion for Attorneys' Fees and Costs (Entitlement) [D.E. 264] filed February 14, 2013.  Plaintiff Kernel Records Oy ("Kernel") filed a Response in Opposition [D.E. 267] on March 14, 2013 to which Defendants replied on March 28, 2013. [D.E. 268].  Thus, the matter is ripe for disposition.  Prior to this filing, this Court bifurcated the issues of entitlement and amount. [D.E. 261]. Defendants seek attorneys' fees and costs (entitlement) as "prevailing parties" under Section 505 of the Copyright Act, 17 U.S.C. § 505.  Kernel argues in reply that Defendants are not "prevailing parties" because the Court's grant of summary judgment to Defendants for Plaintiff's failure to register [D.E. 241], affirmed by the

Eleventh Circuit [D.E. 255], operates as a dismissal without prejudice, allowing Kernel leave to amend.  Additionally, Plaintiff argues under *Fogerty* that the factors do not support Defendants' entitlement to attorneys' fees.  For the following reasons, we find Defendants are the "prevailing parties" and the *Fogerty* factors support an award of attorneys' fees; therefore, we grant Defendants' Motion.

## I.  BACKGROUND

The parties and the Court are well aware of the facts surrounding Plaintiff's claim under 17 U.S.C. §§ 101, *et seq*. ("Copyright Act") and we need not repeat them in detail here.  Important for purposes of this Motion are the following facts.  Glenn Rune Gallefoss created a sound recording entitled *Acidjazzed Evening*, which was published in an Australian disk magazine called *Vandalism News* in August 2002. [D.E. 63].  On July 20, 2006, Defendants registered the allegedly infringing recording of "Do It" with the Copyright Office. [D.E. 268-1].  On August 16, 2007, Gallefoss transferred his rights in *Acidjazzed Evening* to Kernel. [D.E. 63].  Immediately thereafter, on August 17, 2007, Kernel initiated a copyright infringement claim in Finland against the parties associated with "Do It." [D.E. 9-1 at 18].  Kernel lost that suit.  Kernel then filed this claim under the Copyright Act on June 11, 2009 in the United States District Court for the Southern District of Florida. [D.E. 1].

This Court granted summary judgment for the Defendants and against Kernel on June 7, 2011. [D.E. 241].  In the Order, the Court found that Kernel had failed to register the copyright in the United States before Defendants' motion for summary judgment had been decided and could not, therefore, bring a claim.  On appeal, the

Eleventh Circuit disagreed with our its reasoning supporting the grant of Defendants' motion for summary judgment. [D.E. 255]. However, the grant of summary judgment was nevertheless affirmed because Kernel still ultimately failed to comply with statutory prerequisites by failing to register its copyright or, alternatively, failing to prove *Acidjazzed Evening* is a foreign work exempt from registration.   Kernel unsuccessfully sought certiorari review from the Eleventh Circuit's decision.   *Kernel Records Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1810 (Apr. 15, 2013).

Kernel is thus left with only post-registration claims.  Summary judgment was entered and affirmed against Kernel, but we acknowledged that it had "leave to re-file" once Plaintiff had registered. [D.E. 248].  But otherwise, the Court made clear, pre-registration claims were finally adjudicated and that "determination is final and closes the case." [D.E. 214 at 2].  That conclusion was then crystallized when the Court denied Plaintiff's motion for leave to amend because "allowing this amendment exposes Defendants to approximately two years' worth of damages that they might otherwise avoid under the statute of limitations, if this case is dismissed and Plaintiff files a new action." [D.E. 241 at 32].  To date, Plaintiff has not re-filed its claim under the Copyright Act.

After this Court bifurcated issues of entitlement and amount as to attorneys' fees [D.E. 261], Defendants filed this motion on February 14, 2013, claiming they are entitled to attorneys' fees under Section 505 of the Copyright Act. [D.E. 264]. Defendants claim they are the prevailing parties and, consequently, the Court should

use its discretion and award reasonable attorneys' fees, the amount to be determined in a later motion. [D.E. 264].  Kernel filed its response on March 14, 2013 asserting that (1) Defendants were not the prevailing parties after summary judgment was granted with leave to amend and (2) factors weigh against the Court awarding attorneys' fees. [D.E. 267].  Defendants replied on March 28, 2013, repeating the earlier claims and focusing on the prevailing party issue. [D.E. 268].

## II.  ANALYSIS

Under the Copyright Act, courts may award reasonable attorney's fees and costs to the prevailing party in a copyright infringement claim.  17 U.S.C. § 505.[1]  The Copyright Act gives the court broad discretion to determine whether a party is the prevailing party and whether the amount of fees is reasonable. *See Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 155-56 (3d Cir. 1986).  However, an award for fees is not mandated in every case. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1986).  Even if the prevailing party seeks fees and costs under Section 505, the Court has the discretion to limit or withhold any award. *Id.* at 534.  Regardless of which side is the prevailing party, the Court should apply its exercise of discretion evenhandedly to both plaintiffs and defendants. *Id.* at 520-21.

---

[1]       The applicable section provides as follows:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

The analysis of Section 505 of the Copyright Act requires the Court to first address the issue of whether the Defendants are prevailing parties. Second, if so, the Court will analyze the *Fogerty* factors to determine if attorneys' fees and costs should be awarded. In order for a prevailing party to receive fees, it bears the burden of establishing entitlement to an award. *See Hensley v. Eckerhart*, 461 U.S. 424, 439 (1983).

### A.   *"Prevailing Party"*

A "prevailing party" is a party "in whose favor a judgment is rendered, regardless of the amount of damages." *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 600 (2001) (citing *Black's Law Dictionary* 1145 (7th Ed. 1999)). This judgment must create a "material alteration of the legal relationship of the parties." *Id.* at 604 (citing *Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). The Eleventh Circuit has found a "material alteration" in: "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim *or* (2) a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein ex rel. Estate of Smailbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (emphasis in original) (internal quotations omitted). Although a party need only satisfy one test to "prevail," Defendants satisfy both tests.

Defendants have been awarded at least some relief on the merits. Rule 41 of the Federal Rules of Civil Procedure distinguishes between a voluntary and involuntary dismissal. In this case, Kernel opposed summary judgment, clearly making the Court's

ruling an involuntary dismissal of Kernel's claim.   For an involuntary dismissal, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  Nowhere in the Court's Order [D.E. 241], with the exception of previously-dismissed without prejudice Count 4, does it state the dismissal was not an adjudication on the merits.  Hence, Rule 41(b) provides that because the dismissal order does not state otherwise, the dismissal is an adjudication on the merits unless an exception exists. Kernel's suit was dismissed for failure to meet statutory prerequisites for a copyright claim, not jurisdiction, improper venue, or failure to join a party.

The Court thus recognized in its summary judgment Order that Defendants have successfully and finally avoided "approximately two years' worth of damages" due to Kernel's failure to register and the applicable statute of limitations. [D.E. 241 at 32]. Such a scenario undoubtedly creates a dismissal "tantamount to a dismissal with prejudice" as to the barred claims.  *See Perry v. Zinn Petrol. Cos, LLC*, 495 F. App'x 981, 984 (11th Cir. 2012) (quoting *Burden v. Ya*tes, 644 F.2d 503, 505 (5th Cir. 1981)).

In *Perry*, which we highlight because it is the Eleventh Circuit's latest decision to address these issues, plaintiff filed a FLSA suit in 2011, which was dismissed with leave to re-file.  *Id.* at 985.  Perry re-filed his complaint in 2012, but the Eleventh Circuit found he was able to recover only overtime wages within a three year period from 2012, a difference of approximately eight months. *Id*.  Therefore, the dismissal of

Perry's 2011 complaint created a situation equivalent to a dismissal with prejudice as to the claims during the eight month period he was unable to recover after re-filing. And that dismissal with prejudice, which followed the plaintiff's violations of court deadlines and procedures, was reversed as being too draconian under the circumstances. *Id.* (citing *Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 213 (5th Cir. 1976) (holding "that where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation," we apply the "stricter" standard of review that we ordinarily employ when reviewing a dismissal with prejudice)).

Kernel's case is analogous because it too is barred from recovering on time-barred claims and, consistent with Rule 41(b), the involuntary dismissal through the grant of summary judgment was indeed an adjudication on the merits.

Kernel points to numerous cases largely outside the Eleventh Circuit to support its contention that, irrespective of Rule 41, the Court's dismissal for failure to satisfy the registration requirement was an adjudication "without prejudice" and not on the merits. [D.E. 267 at 3]. But when we examine these cases, Kernel's position fares no better.

In *Torres-Negron*, for instance, the First Circuit determined that the failure to comply with copyright registration requirements eliminated federal subject matter jurisdiction over the claim. *Torres-Negron v. J & N Records, LLC,* 504 F.3d 151, 159-60 (1st Cir. 2007). Consequently, the Court found there was no adjudication on the merits and the defendant was not entitled to attorney's fees. *Id.* at 164. Kernel relies on this case and others that reached similar results to argue that the Court's disposition of the

summary judgment issues does not entitle these Defendants to prevailing party status.

Yet, Kernel forgets that *Torres-Negron* is squarely at odds with a more recent ruling from the Supreme Court, which declared:

> § 411(a)'s registration requirement ... is located in a provision "separate" from those granting federal courts subject-matter jurisdiction over those respective claims. Federal district courts have subject matter jurisdiction over copyright infringement actions based on 28 U.S.C. §§ 1331 and 1338. But neither § 1331 which confers subject-matter jurisdiction over questions of federal law, nor § 1338, which is specific to copyright claims, conditions its jurisdictional grant on whether copyright holders have registered their works before suing for infringement.

*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 1245-46 (2010) (citations omitted).  In reaching this conclusion, the Supreme Court abrogated several circuit decisions that also adopted the analysis that failing to register or similar other procedural defects negates subject matter jurisdiction.  *Id.* at 1243 (citing *La Resolana Architects, P.A. v. Clay Realtors Angel Fire,* 416 F.3d 1195, 1200-01 (10th Cir. 2005); *Positive Black Talk Inc. v. Cash Money Records Inc.,* 394 F.3d 357, 365 (5th Cir. 2004); *Xoom, Inc. v. Imageline, Inc.,* 323 F.3d 279, 283 (4th Cir. 2003); *Murray Hill Publications, Inc. v. ABC Comms., Inc.,* 264 F.3d 622, 630 (6th Cir. 2001); *Brewer-Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1285 (11th Cir. 2000); *Data Gen. Corp. v. Grumman Systems Support Corp.,* 36 F.3d 1147, 1163 (1st Cir. 1994)).

*Torres-Negron* was not abrogated by name in the Supreme Court's opinion.  But for all practical purposes it was because the First Circuit's earlier decision in *Data General* was the precedent that *Torres-Negron* relied upon in reaching its decision.  504 F.3d at 156, 162.  *Torres-Negron* is thus no longer good law on the very principle that Kernel hangs its hat on to dissuade us from finding Defendants to be prevailing

parties.[2]  Indeed, for the most part all the cases cited by Kernel on this issue predated the Supreme Court's decision in *Reed* that rejected the previous view that defects like failing to register a copyright defeated subject matter jurisdiction.

Given the current state of the law, therefore, we readily find that summary judgment and the resulting dismissal of claims for failing to register a copyright is definitely *not* a dismissal for lack of subject matter jurisdiction and, therefore, not a Rule 41(b) exception.  And given the uncontroverted effect on the limitations period on that dismissal, there is little doubt that the effect of the summary judgment is to render the Defendants as prevailing parties on any and all copyright claims that predated the registration.

Kernel finally turns to precedent where a dismissal for improper venue and issues of that sort were deemed not be a determination on the merits.  *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 (11th Cir. 1996).  Rule 41(b) also establishes this, but Kernel's claim was not dismissed for improper venue, so *Grayson* is distinguishable. The entry of summary judgment and the dismissal of these claims were not due to lack of jurisdiction, improper venue, or failure to join a party; their adjudication was on the merits and the first *Smalbein* test is satisfied.

---

[2]        We have no doubt that Kernel in good faith overlooked this critical point. Courts within the First Circuit, however, have not.  "Section 411(a) of the Copyright Act requires that 'preregistration or registration of the copyright claim [be] made in accordance with this title' before an infringement action may be brought. . . . In *Torres–Negron,* the court concluded that 'omission of a proper deposit copy . . . eliminates the federal courts' subject matter jurisdiction over an infringement claim' pursuant to section 411(a). . . . However, this holding is no longer good law in light of recent Supreme Court precedent. *See [Reed]*, ___ U.S. at ___, 130 S. Ct. at 1247." *Latin American Music Co. Inc. v. Media Power Group, Inc.,* 2010 WL 6420575, at *10 (D.P.R. Sept. 10, 2010) (citations omitted).

The alternative test of a "judicial imprimatur on the change in the legal relationship between the parties" has also been established in this case. The statute of limitations for a civil action under the Copyright Act is three years. 17 U.S.C. § 507(b). For purposes of the statute of limitations, courts distinguish between "ownership" and "infringement" claims. *E.g., Ediciones Musicales y Representaciones Internacionales, S.A. v. San Martin*, 582 F. Supp. 2d. 1358, 1360 (S.D. Fla. 2008). Kernel's Amended Complaint contains both requests for injunctive relief, which are ownership claims [D.E. 63, Counts 3 & 4], and infringement claims [D.E. 63, Counts 1 & 2].

An ownership claim accrues only once, "when the Plaintiff had reason to know of the alleged injury." *Id.* (citing *Eubank v. Leslie*, 210 F. App'x 837, 841 (11th Cir. 2006)). Knowledge is generally held to exist once the allegedly infringing certificate was filed, which in this case was July 20, 2006. *Id.* at 1360. At the very latest, Kernel had knowledge of the allegedly infringing "Do It" recording when it filed the Finnish action on August 17, 2007. Kernel's now-dismissed complaint complied with the three-year statute of limitations. However, any new complaint which Kernel may file would fall outside the three-year period required for an ownership complaint. Thus, this Court correctly noted in its summary judgment Order that Defendants successfully avoided at least two years of liability. [D.E. 241 at 32]. The legal relationship between the parties as to the ownership claims has profoundly changed as a result of this Court's previous Order. Defendants have successfully litigated against *all* liability regarding copyright ownership and face no further potential liability.

To be sure, each act of copyright infringement is a distinct harm giving rise to an independent claim for relief. *Peter Letterese & Associates, Inc. v. World Institute of Scientology Enterprises, Int'l*, 533 F.3d 1287, 1320 (11th Cir. 2008) (citing *Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992)).  Although the Seventh Circuit permits suits occurring outside three years under a continuing wrong theory,[3] this Circuit follows the majority rule allowing recovery only for acts within three years.  *See Ediciones Musicales,* 582 F. Supp. 2d at 1361 (citing *United States v. Shabazz*, 724 F.2d 1536, 1540 (11th Cir. 1984)).

Allegedly infringing acts began in July of 2006.  These acts would have been included in Kernel's dismissed claim; however, the three year statute of limitations has elapsed on a significant portion (and indeed the most valuable portion) of allegedly infringing sales. [D.E. 268-2].  Although Kernel may litigate claims arising within three years from the date it re-files, the dismissal of their previous claim precludes recovery on all claims outside the statute of limitations.  This also changes the legal relationship between Kernel and Defendants as to those claims, for which Defendants had been subject to liability prior to successfully litigating the original suit.

Kernel cites precedent stating there is no "change in the legal relationship of the parties because the plaintiff is free to refile its action." *Oscar v. Alaska Dept. of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008).  These cases do not deal with a significant difference here: that the statute of limitations bars all claims outside three years from filing.  Prior to the grant of summary judgment, Defendants were at risk

---

[3]        *See Taylor v. Meirick*, 712 F.2d 1112, 1118 (7th Cir. 1983).

as to all claims regarding "Do It." Now, Defendants have successfully avoided liability to *all* ownership claims and *most* infringement claims. This change in the relationship between parties, which precludes most litigation in a new action, is hardly "more like a draw than a victory." *Harris v. Lexjet Corp.*, 2010 WL 133599 *1 (E.D. Va. Jan. 11, 2010). Although the victory for the Defendants is not total, no precedent requires total victory before a party is considered "prevailing." *See, e.g., Buckhannon,* 532 U.S. at 600 ("in whose favor a judgment is rendered, *regardless of the amount* or damages"); *Smalbein,* 353 F.3d at 905 ("where a party has been awarded by the court *'at least some* relief on the merits of his claim'") (emphasis added).[4]

Finally, the entry of this Order certainly does not preclude Kernel from pursuing its viable post-registration claims and seeking to obtain relief on those claims. If Kernel prevails, it may be entitled to attorneys' fees in that separate action. We only decide here whether fees should be awarded given the conclusion of this action that is now final and has determinative effect. We only find that Defendants should be the prevailing parties for purposes of this case.

### B.   *Fogerty Factors*

Having determined Defendants are the prevailing parties to all claims that are barred by the statute of limitations, we must still determine if attorneys' fees should

---

[4]   This is in contrast to the outcome of the cases cited in Plaintiff's response. In *Oscar,* for instance, the dismissal was due to the failure to sign a complaint. The dismissal was entered without prejudice, but the opinion reveals no issue whatsoever as to any limitations period problem that would preclude that plaintiff, in whole or in part, from refiling the action. 541 F.3d at 980-81. The entry of summary judgment on pre-registration claims in this case, however, is of a different character altogether. Those claims have been finally adjudicated as per Rule 41.

be awarded.  Courts should consider the following non-exclusive factors in determining if a prevailing party is entitled to reasonable attorneys' fees: (1) motivation; (2) objective unreasonableness (both in the factual and legal components of the case); (3) frivolousness; and, (4) the need in particular circumstances to advance considerations of compensation and deterrence.  *See Fogerty*, 510 U.S. at 535 (adopting *Lieb* factors); *Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1994).  *Fogerty* does not require the Court to weigh all of these factors.  Indeed, "[t]here is no precise rule or formula for making these determinations," and courts should exercise equitable discretion.  *Hensley*, 461 U.S. at 436-37.  The factors enumerated in *Fogerty* and *Mitek* help guide a court's discretion to award fees "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner."  *Fogerty*, 510 U.S. at 535 n.19.

In *Fogerty,* the plaintiff, Fantasy, Inc., was the holder of a copyright for a song and brought an infringement action against the musician (original composer John C. Fogerty) and the companies that distributed the song.  *Id.* at 520.  After extensive discovery and numerous pre-trial motions, the copyright infringement claim went to trial and the jury returned a verdict in favor of the defendants.  *Id.*  Fogerty, as the prevailing party from trial, then moved to recover attorney's fees under 17 U.S.C. § 505.  *Id.* at 520-21.  The district court denied the motion, and the court of appeals affirmed.  *Id.*  Due to a split among the circuits, the Supreme Court granted certiorari on the issue of whether he was entitled to attorney's fees as the prevailing defendant below.  *Id.*

The Supreme Court examined the language of Section 505 and the purposes of the Copyright Act.  *Id.* at 522-529.  The Court held that a successful defense of a copyright infringement action furthered the goals of the Copyright Act and, upon the exercise of a court's discretion, the defendant as the prevailing party could be entitled to fees.  *Id.* at 534.  The Supreme Court remanded the case to the district court to determine, in its discretion, an appropriate, reasonable award.  *Id.* at 535.

On remand, Fogerty sought over $2 million in fees, costs, and interest in connection with his successful defense on the infringement action.  *Fantasy, Inc. v. Fogerty,* 1995 WL 261504, at *1 (N.D. Cal. May 2, 1995).  In determining the reasonableness of the fees sought, the district court noted that the case took extensive time and labor because the case went through several stages: to trial, to the Ninth Circuit Court of Appeals, to the Supreme Court, and back to the district court on remand.  *Id.* at *3.  The parties had engaged in lengthy discovery, including depositions, interrogatories, requests to produce, and requests for admission. *Id.*  The case also involved new and complex issues in a specialized area of law.  *Id.* at *4.  In total, the district court, in its discretion, awarded Fogerty over $1.3 million as reasonable attorney's fees and costs.  *Id.* at *9.

The facts of *Fogerty* are in many respects similar to this case.  In both cases, novel issues of law were litigated from the district court to the Supreme Court, and the parties engaged in lengthy discovery and hotly contested motion practice.  With these considerations in mind, we turn to an examination of each of the applicable *Fogerty* factors to determine if a fee award under the Copyright Act is appropriate.

*1.*

Kernel's motivation in filing this suit is questionable at best and weighs slightly in favor of the Defendants.  At least one court in this district has also looked closely at the motivation factor to determine entitlement to fees.  *See Lil' Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117 *1, *7 (S.D. Fla. July 1, 2008) (finding that "the questionable motivation" of Plaintiff in bringing and continuing the lawsuit is a factor that "militates in favor of" an award).  However, Defendants, as the prevailing parties, need not establish that Kernel was acting in bad faith. *See Sherry Mfg. Co v. Towel King of Fla. Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987).

Here, Kernel litigated a claim before this Court that had already been rejected in Finland (based on insufficient and conflicting evidence to sustain a copyright infringement claim against the Defendants under the same facts).  [D.E. 9-1 at 43] ("the court holds the plaintiff to have failed to prove its case as regards plagiarism. Hence, Mr. Gallefoss' rights as a producer have not been infringed.")  Moreover, hearings before the Court led to the conclusion that Kernel's proprietary interest in protecting *Acidjazzed Evening* was less important than recovering damages from popular artists.  At a  June 11, 2010 hearing before the Court regarding former Defendant Nelstar, counsel acknowledged, "it is more important for us to get our damages and our profit." [D.E. 208 at 49].  Similarly, as to Defendant Nelly Furtado, counsel stated, "[t]he only way to get that money, to get hands on the money is to have the artist who got that money in as a Defendant." [D.E. 89 at 72-73].  These statements demonstrate that Kernel's motivation was "in part to attempt to extract a significant

payment from a deep-pocketed defendant." *Lil' Joe,* 2008 WL 2688117, at \*7 (citing *Baker v. Urban Outfitters Inc.*, 431 F.Supp. 2d. 351 (S.D.N.Y. 2006)).  Although Kernel correctly recognizes that copyright claims have a significant economic basis, the strategy of including several defendants to "get hands on the money" is, at best, a questionable motive considering a related lawsuit based on the same facts had already been rejected. *Id.*

## 2.

As to the next two *Fogerty* factors, a compelling case can be made that Kernel's lawsuit in this jurisdiction was not objectively reasonable factually and legally, even if not frivolous.  Accordingly, this factor weighs in favor of awarding fees to the Defendants.

A finding of a frivolous suit is not a prerequisite to attorney's fees. *See Sherry Mfg. Co*, 822 F.2d at 1034.  Yet, the purposes of the copyright law are served only when parties litigate meritorious claims of infringement.  *Hermosilla v. Coca-Cola Co.*, 492 Fed. Appx 73, 75 (11th Cir. 2012); *see also Mitek*, 198 F.3d at 842 (encouraging parties to raise objectively reasonable claims and defenses in order to further the purposes of the Copyright Act).  Kernel argues its claim was not objectively unreasonable because it explored a novel area of law regarding an online publication's relation to being a "United States work."  But being a novel area of law is not a bar to being objectively unreasonable.  Rather, *Fogerty* also explored a novel area regarding extraterritorial profits and substantial similarity, but still resulted in an award of attorney's fees. *See Fantasy, Inc. v. Fogerty*, 664 F. Supp 1345 (N.D. Cal. 1987); *Fantasy Inc*, 1995 WL

261504, at *4.  This Court has also awarded fees in cases which the Eleventh Circuit had not dressed the specific novel issue.  *See Hermosilla v. Coca-Cola Co.*, 2011 WL 9364952 *1, *5 (S.D. Fla. July 15, 2011).

Importantly, the litigation surrounding the internet issue could have been completely avoided had Kernel either had proof of offline publication or registered with the Copyright Office.  Thus, Kernel failed to at least prove its compliance with statutory requirements, which precluded any material success on the then-at-issue copyright claims.  As the Eleventh Circuit declared, Kernel's suit was "doomed" and "over before it began."  Beginning a claim without the prerequisites necessary to prove merit has been deemed objectively unreasonable.  *See, e.g., Jenkins v. Jury*, 2009 WL 248232, at *3 (M.D. Fla. Feb. 2, 2009) (awarding attorney's fees to Defendant because, *inter alia*, there was a "lack of merit" in the claims); *Amadasun v. Dreamworks, LLC*, 359 F. Supp. 2d 1367, 1375-76 (N.D. Ga. 2005) (awarding attorney's fees to Defendant because of, *inter alia*, "lack of evidentiary support" for Plaintiff's claims).  Likewise, this Court finds Kernel's failure to prove it "own[ed] a valid copyright for the work on which he primarily relied for his infringement claim" creates the presence of an objectively unreasonable claim. *Amadasun*, 359 F. Supp. 2d at 1375.

### 3.

The touchstone of attorney's fees under Section 505 is whether imposition of attorney's fees will further the interests of the Copyright Act. *Mitek*, 198 F.3d at 842.  This factor weights heavily in favor of Defendants.  The interests of the Copyright Act are furthered by the litigation of meritorious defenses.  *See Fogerty*, 510 U.S. at 527

("defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement").   Kernel failed to register with the Copyright Office or prove that *Acidjazzed Evening* was exempt from the copyright registration requirement. As a result, summary judgment was granted against Kernel. Although Kernel may be able to re-file its infringement claims, the statute of limitations will prohibit any claims that accrued more than three years from the date of refiling. *See Ediciones Musicales,* 582 F. Supp. 2d at 1361. Defendants, therefore, successfully defended against the original action for all claims regarding copyright ownership and all infringement claims during the first four years after release of "Do It."  Litigation of this defense involved intensive discovery and many motions at all three levels of the federal court system.

As a result of the efforts by Defendants' counsel during this litigation, the purposes of the Copyright Act have indeed been furthered.  "Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty,* 510 U.S. at 527.  The Eleventh Circuit's decision in *Kernel Records* provided clarity to the statutory prerequisites of a copyright claim.  The court cited a decision from 1999 to clarify "publication" in common usage has a different meaning than "publication" as a legal term of art. *See Kernel Records*, 694 F.3d at 1310 (citing *Estate of Martin Luther King, Jr., Inc., v. CBS, Inc.*, 194 F.3d 1211, 1214 (11th Cir. 1999) to explain "Gallefoss baldly attests that the disk magazine was

published, 'publication is a legal word of art, denoting a process much more esoteric than is suggested by the lay definition of the term'"). Although Kernel asserted *Acidjazzed Evening* was published by Gallefoss, it lacked "sufficiently probative evidence that it complied with the statutory prerequisites required to bring [the] action." *Id.* at 1311. Upon this finding, the Eleventh Circuit reaffirmed its precedent and stated:

> Kernel bears the burden of proving compliance with statutory formalities. Thus, because Kernel failed to apply for registration prior to the district court's grant of summary judgment, and Kernel cannot demonstrate that *Acidjazzed Evening* is a foreign work exempt from registration, Kernel's case is doomed.

*Id.* at 1312 (citing *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010)).

The importance of understanding the legal definition of the term "publication" in copyright litigation and complying with statutory prerequisites has been clarified; several legal guides now cite *Kernel Records* for this holding. *See* Federal Procedural Forms § 17:11, *Registration of Copyright* (2013) (citing *Kernel Records* as a footnote describing the registration procedure and that "registration or a refusal of registration of a United States work is a prerequisite for bringing an action for copyright infringement"); 18 C.J.S. Copyrights § 48, *What Constitutes Publication* (2013); 38 Am. Jur. Proof of Facts 2d 333, *Limited Publication of Artistic or Literary Property* § 2 (2013) (citing *Kernel Records* in the cumulative supplement for the proposition "proof of distribution or an offer to distribute, alone, is insufficient to prove 'publication' under the Copyright Act; central to the determination of publication is the method, extent, and purpose of distribution"). And, moreover, in the short time since the Eleventh

Circuit's September 2012 opinion practitioner's guides and treatises are beginning to reference *Kernel Records* in discussions about publication and statutory prerequisites to a successful claim under the Copyright Act.

The decision in *Kernel Records* has also been referenced in several online intellectual property and copyright forums. *Kernel Records* was number one in the "Top Ten Copyright Cases for the Month of September 2012" in a publically accessible article on LexisNexis. *See* LexisNexis Copyright and Trademark Community, http://www.lexisnexis.com/community/copyright-trademarklaw/blogs/topcases (select September 2012) (last visited June 13, 2013) (featuring a brief case overview and keywords). Three other websites geared to intellectual property and copyright law audiences discussed *Kernel Records* and featured the Eleventh Circuit's discussion of "publication" as a term of art and the importance of having evidence demonstrating compliance with statutory prerequisites. *See* Mark Borghese, *What is a United States Work under Copyright Law?*, Copyright 'Em, http://copyrightem.com/what-is-a-united-states-work-under-copyright-law (discussing publication as a "legal word of art"); Oren J. Warshavsky, *Whoa Nelly: Furtado and Timbaland Defeat Copyright Claim as Plaintiff Fails to Show Evidence* (September 18, 2012), http://www.ipintelligencereport.com/2012/09/18/whoa-nelly-furtado-and-timbaland-defeat-copyright-claim-as-plaintiff-fails-to-show-evidence/ (discussing *Kernel Records* and stating "[a] plaintiff seeking to escape the registration requirement based upon a work being a non-U.S. work should be able to produce *some* evidence concerning where his work was published) (emphasis original); Kain & Associates, *Winning and Losing*

*Copyrights in Three-Quarter Time with Nelly Furtado and Timbaland* (September 25, 2012, 11:05 AM), http://www.complexip.com/winning-and-losing-copyrights-in-three-quarter-time-with-nelly-furtado-and-timbaland/ (discussing Kernel's failure to meet its burden to prove compliance with statutory formalities).   These articles are particularly important because they provide clarity to the requirements of a copyright claim to those in the industry who are not attorneys and have no access or familiarity with treatises, WestLaw, or Lexis.   A musician in Gallefoss's position post-*Kernel Records* can perform an internet search for copyright infringement claim requirements and discover articles that describe the Eleventh Circuit's requirement in plain English, combining critical language from the opinion with editorial explanations.

Defendants' attorneys expended considerable effort in depositions, motion practice, hearings, and appellate work.   The purpose of the Copyright Act, "to promote the Progress of Science and useful Arts," is furthered when the "boundaries of copyright law [are] demarcated as clearly as possible." *See Fogerty,* 501 US at 527. Defendants' counsel achieved that goal by litigating their defenses and obtaining summary judgment against Kernel.   Their efforts contributed to the Eleventh Circuit's opinion, which has already in the nine months since publication provided clarity and guidance to lawyers and lay persons on the meaning of "publication" as a legal term of art and the burden to prove compliance with statutory prerequisites.   Defendants' efforts in pursuit of this successful defense should be compensated in order to encourage future meritorious defenses.

As discussed above, it is the rule rather than the exception for the Defendants as the prevailing party to recover fees. *See Lil' Joe*, 2008 WL 2688117, at \*2. When we measure this case against the *Fogerty* case itself, we simply do not see why the cases or their outcomes should be treated differently. Accordingly, after carefully considering all of the *Fogerty* factors, Defendants should be awarded attorneys' fees under Section 505 because they were the prevailing parties on a substantial issue in the litigation, Kernel's motivation in filing a previously-failed suit is suspect at best, and Kernel's failure to meet statutory prerequisites resulted in objectively unreasonable claims. Most importantly, imposition of attorneys' fees rewards the Defendants' considerable effort in litigating meritorious defenses and substantially advances the purpose of the Copyright Act. This Court therefore concludes that Defendants are entitled to recover reasonable attorney's fees under Section 505.

### 4.

Having made that finding, we caution that this does not necessarily require that the Court award *all* the attorneys' fees incurred in the defense of the case. We point out, for instance, that time incurred for work solely related to issues that were not determinative in this action may not be awarded. Clearly the bulk of attorneys' fees for the general defense of the case may be compensable. But Defendants must undertake the burden of culling through their billing records to isolate and remove time incurred solely to issues that have not been disposed of and, theoretically, may still be pursued if the case is re-filed. Although we acknowledge that this is doubtful,

the Court's discretion to award fees in this unique case will be exercised with this in mind.

Moreover, though it is a safe bet that the parties' counsel would have known to consult it in the course of preparation of their fee petition, for the sake of time and convenience we refer the parties to our decision in *Hermosilla v. Coca-Cola Co.*, 2011 WL 9364952 (S.D. Fla. July 15, 2011), which will have a bearing especially on the hourly rates that the Court will approve in this case.  In short, do not ask for "New York" billing rates.  And for any hourly rates included in the application, biographical materials for each timekeeper should be included.

Finally, the parties are directed to confer and comply with S.D. Fla. Local R. 7.3 in the next phase of this proceeding, keeping all these matters in mind.  The parties will be expected to resolve and/or narrow on their own any such issues under the Court's Local Rule to minimize what will be left for the Court to adjudicate.

### III. CONCLUSION

Based on the foregoing, we hereby **ORDER and ADJUDGE** that Defendants' Verified Motion for Attorneys' Fees and Costs (Entitlement) [D.E. 264] is **GRANTED,** as set forth above.  Under Local Rule 7.3, Defendants shall have sixty days from this date to file their fee application as per this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of July, 2013.

*/s/ Edwin G. Torres*
EDWIN G. TORRES

United States Magistrate Judge